VICENTE BALBÁS PEÑA, Petitioner, v. TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 265. Argued December 7, 1951.—Decided March 21, 1952.

*Mariano Acosta Velarde* and *Daniel Pellón Lafuente* for petitioner. *Víctor Gutiérrez Franqui, Attorney General,* and *J. A. Malpica, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Doña Lorenza Peña Vda. de Balbás died in 1949. Pursuant to § 5 of Act No. 99 of 1925, (Sess. Laws, p. 790) as amended by Act No. 303, Laws of Puerto Rico, 1946, p. 782, the petitioner, the successor in interest of the decedent, notified the Treasurer of the amount, value and description of the estate of the deceased. On May 9, 1950 the Treasurer notified the petitioner of an inheritance tax amounting to $52,016.57 based on a valuation of the estate of $184,161.13. The Treasurer granted the motion for reconsideration filed by the petitioner, and after a hearing notified the latter on October 24, 1950 of a tax of $49,885.12 based on a valuation of $177,100.35.

On November 24, 1950 the petitioner filed a complaint in the Tax Court alleging in detail that the various items of property in the estate were worth less than the valuation thereof fixed by the Treasurer. The latter moved to dismiss the complaint on the ground that the Tax Court lacked jurisdiction because the taxpayer had failed to pay that part of the tax to which the taxpayer agrees as provided in § 2–A (4) of Act No. 235, Laws of Puerto Rico, 1949, p. 732.[1] The

---

[1] "Section 2.—*Taxpayers' Remedies:*

"A.—*Appeal from Decisions of the Treasurer of Puerto Rico.*—Whenever a taxpayer disagrees with a decision notified to him by the Treasurer of Puerto Rico and is by law entitled to appeal therefrom to the Tax Court of Puerto Rico, he shall do so in the manner, within the term, and upon compliance with the requirements herein provided, as follows:

" .  .  .  .  .  .  .  .  .  .  .

"4. *Inheritance and Gift Tax.*

"From a final decision of the Treasurer of Puerto Rico, notified in the manner provided for in section 7 of Act No. 99, of August 29, 1925,

Tax Court granted the motion to dismiss and we issued certiorari to review its decision.

■■ The taxpayer does not contend that no tax is due. It is obvious from the face of his complaint that the only purpose of his suit is to reduce the tax by establishing a valuation of the estate lower than that fixed by the Treasurer. It is therefore incumbent upon him, as required by the clear terms of § 2–A (4), to indicate his view as to what the property in the estate is worth, to make the corresponding mathematical calculation of the tax on that basis, and to pay it as that part of the tax to which he agrees. His failure to do this in the instant case prevented the Tax Court from acquiring jurisdiction. We need only add that § 2–A (4) is merely a restatement of the previously existing law in this respect. *Del Toro* v. *Tax Court*, 65 P.R.R. 58.

The judgment of the Tax Court will be affirmed.

---

by paying that part of the tax to which the taxpayer agrees and filing complaint in the Tax Court of Puerto Rico, in the manner provided for by the Act creating said court, within the term of thirty (30) days, from the date of the mailing of notice of the final decision of the Treasurer of Puerto Rico; *Provided,* That both the term of thirty (30) days within which to appeal to the Tax Court of Puerto Rico, and the payment within the said term of the part of the tax to which the taxpayer agrees, shall be considered of jurisdictional character."

Section 7 of Act No. 99 of 1925, as amended by Act No. 233, Laws of Puerto Rico, 1949, reads in part as follows:

"The Treasurer shall, by registered mail, notify the Administrator, executor, trustee, or granter, as the case may be, of the appraisal of the said estates, and of the tax he may determine, and any of them may, within the thirty (30) days followed the mailing date of said notice, or within such extension of time as the Treasurer may grant him for the purpose, apply to the latter in writing for a reconsideration of, and an administrative hearing on, the matter, setting forth in his application the reasons he may have therefor. If no recommendation is applied for in the manner and within the term herein provided, or if applied for, the Treasurer confirms in whole or in part the appraisal and the tax determined and notified, the latter shall by registered mail, notify the administrator, executor, trustee, or grantor, as the case may be, of his final determination, and any one of them may appeal from said final determination to the Tax Court of Puerto Rico in the manner, within the term, and upon compliance with the requirements provided by law."